UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

N.D.N.,

Petitioner,

v.

PAM BONDI, et al.,

Respondents.

No. 1:25-cv-01587-DAD-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner was detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is referred to the undersigned by Local Rule 302(c)(17) and the court's order dated June 11, 2026. See 28 U.S.C. § 636(b)(1). For the following reasons, the undersigned recommends the petition be granted to the same extent that the preliminary injunctive relief already ordered be made permanent.

**I. Background**

Under the petition's allegations,[1] petitioner was born in Vietnam and entered the United States in 1992, around the age of 16. (ECF No. 1-1 at ¶¶ 2, 3.) Petitioner's family fled Vietnam due to holding anti-communist political views, for which petitioner's father was imprisoned and

[1] The undersigned adopts the summary of allegations in the petition set forth by the district judge in the order granting in part petitioner's motion for a temporary restraining order. (ECF No. 10 at 2.)

tortured for several years. (Id. at ¶ 2.) In 1997, petitioner was convicted of first degree robbery in violation of California Penal Code § 213(a)(1)(A). (Id. at ¶ 4.) Petitioner was thereafter sentenced and served approximately three years in a California state prison. (Id.) Upon petitioner's release from prison, he was transferred into ICE custody and on January 25, 2000, the United States Department of Homeland Security ("DHS") commenced removal proceedings against petitioner. (Id. at ¶ 5.)

On April 19, 2000, the assigned immigration judge found that petitioner was "more likely than not" to be persecuted if removed to Vietnam but nevertheless denied his application for relief pursuant to the Convention Against Torture, found him removable, and ordered him removed. (ECF No. 1 at ¶ 6.) On November 16, 2000, the Board of Immigration Appeals affirmed the immigration judge's decision, which constituted petitioner's final order of removal. (Id.) ICE continued to hold petitioner to effectuate his removal. (Id. at ¶ 7.) On February 26, 2001, ICE released petitioner from custody and placed him on an Order of Supervision ("OSUP") due to its inability to remove petitioner to Vietnam. (Id. at ¶ 8.) He has since spent the past 24 years out of custody and has complied with the terms of his OSUP. (Id.)

Also under the petition's allegations, on October 15, 2025, petitioner attended his annual check-in at the San Francisco ICE Field Office, where he was provided with paper forms relating to obtaining travel documents. (ECF No. 1 at ¶ 11.) On October 22, 2025, petitioner attended a follow-up appointment with his attorney present and was re-detained without being provided a reason for his detention. (Id. at ¶ 12.) Later that day, petitioner was provided with a Notice of Revocation of Release that indicated that there were changed circumstances justifying his re-detention because his request for travel documents was "currently under review by the Government of Vietnam" and hence his "removal is now imminent." (Id. at ¶ 13.)

The pending petition asserted five causes of action as follows: (1) Unlawful Detention in Violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(a)(2)(A); (2) Violation for Procedures for Revocation of Release set out in 8 C.F.R. § 241.13(i)(3); (3) Violation of the INA and Applicable Regulations; (4) Unconstitutionally Indefinite Detention; and (5) Constitutionally Inadequate Procedures Regarding Third Country Removal. (ECF No. 1 at 36-

42.) Petitioner requested immediate release from custody and that the court enjoin his removal to a third country without certain procedural protections. (Id. at 42-43.)

Respondents filed an opposition to the motion for temporary restraining order. (ECF No. 8.) On November 21, 2025, the district judge assigned to this case granted petitioner's motion for a temporary restraining order in part and ordered respondents to immediately release petitioner from custody. (ECF No. 10 at 13.) Respondents were also enjoined and restrained from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge. (Id.) On April 1, 2026, the district judge assigned to this case granted in part petitioner's motion for a preliminary injunction for the same reasons the court had granted petitioner's motion for temporary restraining order. (ECF No. 19.)

On June 11, 2026, the district judge assigned to this case referred this action to the undersigned for further proceedings. (ECF No. 20.) On September 2, 2026, the undersigned ordered that pursuant to 28 U.S.C. § 2243, respondents were to file any further opposition to the petition within 14 days. The time granted for further briefing by respondents has expired and the matter is deemed submitted for decision.

**II. Discussion**

The evidentiary record before the court has not changed since the district judge entered the preliminary injunction. For the reasons explained by the district judge in granting the preliminary injunction, the undersigned recommends the petition be granted on petitioner's claim asserting violation of procedures for revocation of release. (See ECF No. 10 at 5-10.) A permanent injunction should issue on the same terms as the preliminary injunction. Because the resolution of this claim and the injunctive relief already granted provides relief in the form of petitioner's release from custody, the court need not reach petitioner's other release claims.

That leaves petitioner's claim asserting unconstitutionally inadequate procedures for third country removal. The district judge denied petitioner's request for a temporary restraining order enjoining respondents from removing him to a third country without notice and an opportunity to be heard. (ECF No. 10 at 13.) That denial was without prejudice to a renewed motion were the

issue to become ripe for review. (Id. at 13.) The district judge denied petitioner's motion for a preliminary injunction enjoining third country removal as "not being ripe without prejudice." (ECF No. 19.)

"Third-country removals involve deportation to countries that are not identified in a final removal order and to which the non-citizen has no connection." Nguyen v. Charles, No. 1:25-CV-01592-TLN-CSK, 2025 WL 3492117, at *6 (E.D. Cal. Dec. 4, 2025) (citing 8 U.S.C. § 1231(b)(2)(E)(vii)). The present record contains no indication that third country removal is at issue. Petitioner has not been notified of a potential third country removal. (ECF No. 1 at 2; ECF No. 1-1 at 5.) The record indicates a request for travel documents was under review by the Government of Vietnam, which is petitioner's native country. Thus, the present record indicates DHS intends to remove petitioner to Vietnam, not a third country. Under these circumstances, petitioner has not established he is entitled to any relief on his third country removal claim. See Saqib v. Andrews, No. 1:25-CV-2035 DC CSK P, 2026 WL 350830, at *7 (E.D. Cal. Feb. 9, 2026), report and recommendation adopted, No. 1:25-CV-02035-DC-CSK (HC), 2026 WL 440566 (E.D. Cal. Feb. 17, 2026) (denying relief where "the record before the Court does not indicate that third country removal is at issue").

## III. Recommendation

In accordance with the above, IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) be granted in part.
2. The preliminary injunctive relief already ordered (see ECF Nos. 10, 19) be made permanent.
3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 12, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 ndn1587.mer